[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13724
Non-Argument Calendar
_____

D.C. Docket No. 5:19-cr-00027-JDW-PRL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS GONZALEZ-VILLANUEVA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 24, 2020)

Before ROSENBAUM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Jesus Gonzalez-Villanueva appeals his sentence of 18 months in prison, an

upward variance from the guideline range of 8 to 14 months, for reentering the

United States illegally. *See* 8 U.S.C. § 1326(a), (b)(2). He argues that the district court abused its discretion by failing to afford consideration to relevant factors that were due significant weight and imposing a substantively unreasonable sentence. He also contends that his sentence is unconstitutional because his maximum statutory sentence was increased based on the fact of a prior conviction that was not admitted by him or proved to a jury beyond a reasonable doubt. After careful review, we affirm.

**I.**

In June 2019, Gonzalez-Villanueva, a native and citizen of Mexico, pled guilty to illegal reentry into the United States after being removed subsequent to a conviction for an aggravated felony, namely, aggravated battery with a deadly weapon, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Gonzalez-Villanueva was removed from the United States under an administrative order in August 2011. His removal followed an April 2011 conviction of aggravated battery with a deadly weapon in Florida. According to the presentence investigation report ("PSR"), law-enforcement officers responded to a residence about a domestic battery in progress. When they arrived, the victim reported that Gonzalez-Villanueva had hit her with a beer bottle, kicked her in the face, came at her with a knife and a machete, and used his truck to strike a vehicle she was in. Gonzalez-Villanueva was charged with both aggravated battery with a

2

deadly weapon and aggravated assault with a deadly weapon. He pled *nolo contendere* to the battery count, and the assault count was withdrawn.

After his August 2011 removal, Gonzalez-Villanueva reentered the United States illegally in September 2011 and was removed again three days later. Then, in 2019, he came to the attention of immigration authorities after he was issued a traffic citation in Florida for driving with a suspended or revoked license.

The PSR calculated a recommended guideline imprisonment range of eight to fourteen months based on a total offense level of ten and a criminal-history category of II. The probation officer did not identify any factors that warranted a variance from the guideline range. The statutory maximum sentence for an illegal reentry offense is two years of imprisonment, *see* 8 U.S.C. § 1326(a), unless the defendant's "removal was subsequent to a conviction for commission of an aggravated felony," in which case the statutory maximum is twenty years, *see id.* § 1326(b)(2).

At sentencing, Gonzalez-Villanueva asked for a sentence within the guideline range. In support of that request, he emphasized that he had reentered the country to take care of his children and that his prior domestic partner had been abusive.

The district court sentenced Gonzalez-Villanueva to 18 months in prison, a minor upward variance from the guideline range. The court found that a more severe sentence was necessary in light of Gonzalez-Villanueva's "prior felony for a very serious charge" and his two prior removals. The court concluded that Gonzalez-

3

Villanueva was likely to reoffend and that he had "demonstrated by his conduct that he has no respect for the laws of the United States or the laws of the State of Florida." Gonzalez-Villanueva objected that the sentence was substantively unreasonable, and this appeal followed.

## II.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*); *United States v. Nagel*, 835 F.3d 1371, 1376 (11th Cir. 2016). We examine whether the sentence is substantively reasonable under the totality of the circumstances and in light of the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2); *see Irey*, 612 F.3d at 1196. The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant, among other factors. 18 U.S.C. § 3553(a)(1).

4

The district court must consider all of the § 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The court enjoys "substantial," but not unfettered, discretion. *Id.* at 1255. A court abuses its discretion and imposes a substantively unreasonable sentence if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1256. The defendant bears the burden of showing that the sentence "is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.* In general, that means convincing us that the sentence "lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

## III.

Gonzalez-Villanueva's sentence is substantively reasonable. The district court properly weighed the § 3553(a) factors and arrived at a reasonable sentence. Gonzalez-Villanueza was removed from the United States in August 2011 after a conviction for aggravated battery with a deadly weapon. After his removal, he twice reentered the United States illegally and then was arrested for driving without a valid license. Based on these facts, the court reasonably concluded that a minor upward variance from the guideline imprisonment range of 8 to 14 months was necessary to

promote respect for the law, deter criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a)(2). And Gonzalez-Villanueva's sentence is well below his maximum statutory sentence of 20 years, which suggests that it is reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir. 2016).

The district court did not abuse its discretion by failing to afford consideration to factors that were due significant weight. Gonzalez-Villanueva argues that the court failed to consider (a) that neither the probation officer nor the government identified a factor that warranted a sentence outside the guideline range; (b) that the sentence would have been within the guideline range for a defendant with a prior illegal reentry conviction, which he did not have; and (c) his acceptance of responsibility. But we see no error. The record reflects that the district court considered the correct guideline range, which reflected his acceptance of responsibility, as well as the views of the probation officer. The guideline range is merely advisory, however, and the court is not required to defer to any other entity in selecting an appropriate sentence based on the facts of the case and the § 3553(a) factors, whether that sentence is inside or outside of the guideline range. *See Rosales-Bruno*, 789 F.3d at 1253–56. For the reasons explained above, the court's choice of sentence was reasonable.

Nor did the district court give undue weight to an improper or irrelevant factor. Gonzalez-Villaneuva asserts that the court mistakenly believed that he had been

convicted of both aggravated battery and aggravated assault.  It appears the court simply misspoke once, however.  Other comments at sentencing show that the court understood that Gonzalez-Villanueva had not been convicted of both aggravated battery and aggravated assault.  *See, e.g.*, Doc. 45 at 8 (stating that it "recognize[d] that he has a *prior felony for a very serious charge*" (emphasis added)).  In any case, the court had before it the undisputed facts that led to the aggravated battery and aggravated assault charges.  So we see little support in the record for Gonzalez-Villanueva's contention that the court based his sentence on a mistaken view of his criminal history.

For all of these reasons, Gonzalez-Villanueva has not shown that the district court abused its discretion or imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  *See Irey*, 612 F.3d at 1190.  We therefore affirm his 18-month prison sentence.

### IV.

Finally, Gonzalez-Villanueva concedes that his challenge to the constitutionality of his sentence is foreclosed by precedent.  In *Almendarez–Torres v. United States*, the Supreme Court held that a prior conviction does not have to be charged in an indictment or proven beyond a reasonable doubt to a jury, even if it increases the defendant's maximum statutory sentence.  523 U.S. 224, 226–27

7

(1998). *Almendarez-Torres* remains the law unless and until overruled by the Supreme Court.

**AFFIRMED.**